IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Waycross Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 case |
| | ) | Number <u>07-50490</u> |
| GEORGE MCKINNON, | ) | |
| | ) | |
| Debtor in Possession. | ) | |
| | ) | |
| GEORGE MCKINNON, | ) | |
| | ) | |
| Debtor/Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PRIME SOUTH BANK, | ) | |
| | ) | |
| Secured Creditor, | ) | |
| | ) | |
| Respondent. | ) | |

**FILED**
at <u>10</u> O'clock & <u>22</u> min <u>A</u> M
Date <u>9/24/07</u>

Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia

<u>**MEMORANDUM OPINION ON DEBTOR'S MOTION**</u>
<u>**TO EXTEND THE AUTOMATIC STAY**</u>

On July 2, 2007, George McKinnon ("Debtor") filed a Motion For Continuation of Automatic Stay ("Motion") seeking to extend the automatic stay beyond the 30th day following the filing of this case, pursuant to 11 U.S.C. § 362(c)(3)(B). At hearing, a secured creditor, Prime South Bank ("Prime South"), appeared in opposition to the Motion; and another secured creditor, UAP/GA Ag Chem., Inc. ("UAP") appeared in favor of Debtor's Motion. The issues in this case are whether 11 U.S.C. § 362(c)(3)(B)

applies to this Debtor who had a chapter 12 case pending that was dismissed in the twelve-month period immediately preceding the filing of the current case, and what standard of proof applies, pursuant to 11 U.S.C. § 362(c)(3)(C), in determining whether the present case was filed in good faith.

According to Debtor's Motion the present case was filed in good faith, not prohibited by any provision of law, and Debtor is eligible for chapter 11 relief. Debtor also alleges that there has been a substantial change in his financial status since the dismissal of the previous case. Additionally, Debtor asserts that the presumption that the present case is not filed in good faith does not arise, because the factors as set forth in 11 U.S.C. § 362 (c)(3)(C) are not present.

## Background

Debtor lists on his schedules that he is a self-employed farmer.[1] Debtor filed a previous Chapter 12 case on November 6, 2006, that was dismissed on April 3, 2007, after Debtor did not oppose a motion to dismiss filed by UAP. Debtor filed the above-captioned chapter 11 case and Motion for Continuation of

---

[1] 11 U.S.C. § 101(20) provides that:

> [t]he term "farmer" means (except when such term appears in the term "family farmer") person that received more than 80 percent of such person's gross income during the taxable year of such person immediately preceding the taxable year of such person during which the case under this title concerning such person was commenced from a farming operation owned or operated by such person.

Automatic Stay ("Motion") on July 2, 2007.[2] Notice was sent and hearing was held on July 26, 2007. Two creditors were represented at the hearing, Prime South Bank and UAP.

Debtor alleges there has been a change in circumstances since the dismissal of his previous case. Debtor established through unrebutted testimony that after the dismissal of his previous chapter 12 case, Debtor entered into payoff agreements with certain creditors. Then, believing that he would be able to work out payment plans with all his creditors, Debtor planted crops on the real property that secures Prime South's claim.

After the crops were planted, Debtor was deemed no longer eligible to farm by the Farm Services Administration. Debtor entered into an agreement with Steve Dixon ("Dixon"), another

---

[2] Debtor does not qualify as a "family farmer" entitled to chapter 12 relief because his aggregate debts total $4,169,140 which exceeds the statutory maximum of $3,544,525 as set out in 11 U.S.C. § 101(18)(A). 11 U.S.C. § 101(18)(A) states:

> [t]he term "family farmer" means –
> (A) individual or individual and spouse engaged in a farming operation whose aggregate debts do not exceed $3,544,525 and not less than 50 percent of whose aggregate noncontingent, liquidated debts (excluding a debt for the principal residence of such individual or such individual and spouse unless such debt arises out of a farming operation), on the date the case is filed, arise out of a farming operation owned or operated by such individual or such individual and spouse, and such individual or such individual and spouse receive from such farming operation more than 50 percent of such individual's or such individual and spouse's gross income for –
> (i) the taxable year preceding; or
> (ii) each of the 2d and 3d taxable years preceding the taxable year in which the case concerning such individual or such individual and spouse was filed . . . .

farmer, that would require Dixon to finance the planting, allow Debtor to harvest the crop, and divide the proceeds between Dixon, Debtor, and Debtor's son.

Debtor testified that there was no crop harvested in 2006 because of bad weather. However, Debtor opined based on his 30 years of experience farming that due to the favorable weather, this year's crops could bring in approximately $1.2 million net profit, depending on the market conditions at harvest; and that his share in the proceeds would be approximately $500,000. Debtor also testified that he has been trying to sell some real estate to pay his creditors.

Prime South's secured claim in the amount of $1,650,000 is secured by Debtor's real property. Debtor lists $275,000 as the market value of 50 acres of real property used for agricultural purposes. However, Debtor asserts that the real property could be worth $100,000 more if it is sold for a purpose other than agriculture.

Prime South stated that foreclosure proceedings were initiated after Debtor failed to satisfy the forbearance agreement entered into by the parties at the end of the previous chapter 12 case. Prime South asserts that Debtor must show a change in circumstances to rebut the presumption that this case was filed in bad faith, and alleges that there is not one in this instance.

In Debtor's previous chapter 12 case, UAP filed an adversary proceeding[3] that resulted in a consent order in which Debtor acknowledged that UAP's claim in the amount of $1 million would be non-dischargeable in any subsequent bankruptcy case filed by Debtor. (Adv. P. Number 07-05007, Dkt. #12.) In the current case, UAP appeared at the July 26, 2007, hearing and supported Debtor's Motion. UAP asserted that it would be best for Debtor and the creditors to continue the stay and allow Debtor to harvest the crops, sell the real estate, and pay creditors.

After reviewing the Motion and the evidence, I concluded that the automatic stay should be continued; and I signed an Order to that effect on August 1, 2007.

## Discussion

**I. Whether 11 U.S.C. § 362(c)(3) applies in this case where the previously pending and dismissed case was filed under chapter 12 of the Bankruptcy Code.**

11 U.S.C. § 362(c)(3) provides in pertinent part:

> If a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint *case of the debtor was pending* within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b) -

---

[3] UAP/Ga Ag Chem Inc. v. McKinnon (In re McKinnon), Adv. P. Number 07-05004 (Bankr. S.D. Ga.).

5

>    (A) the stay under subsection (a) with respect to any action taken with respect to debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

(emphasis added).

With the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Congress amended the stay provisions with respect to certain individual debtors who file a new bankruptcy case within a year of the dismissal of their previously pending case or cases. See 11 U.S.C. § 362(c)(3). Pursuant to § 362(c)(3)(A), the stay of 11 U.S.C. § 362(a) terminates automatically as to the debtor on the 30th day after the filing of the new case if the debtor (1) is an individual currently in a case under chapter 7, 11, or 13; and (2) had *one previous case under any chapter* except "a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)" dismissed in the preceding year. 11 U.S.C. § 362(c)(3).

Determining whether the automatic stay terminates as to Debtor who had a previous chapter 12 case dismissed in the year prior to filing a new case under chapter 11 is a matter of statutory interpretation. It is well settled that when the "statutory scheme is coherent and consistent, there is generally no need for a court to inquire beyond the plain

language of the statute." United States v. Ron Pair Enters., Inc., 489 U.S. 235, 240-241 (1989).

Had the drafters intended to carve out an exception to the requirements of § 362(c)(3) for prior chapter 12 debtors they could have easily done so. "Where Congress includes particular language in one section of a statute but omits it in another, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." Keene Corp. v. United States, 508 U.S. 200, 208 (1993). In § 362(c)(3) Congress created an exception only for "a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)." 11 U.S.C. § 362(c)(3).

Based on a plain reading of 11 U.S.C. § 362(c)(3), because Debtor's prior chapter 12 case was dismissed within one year of filing of his current chapter 11 case, Debtor must comply with the requirements of 11 U.S.C. § 362(c)(3)(B) in order to obtain an extension of the automatic stay.[4]

---

[4] 11 U.S.C. § 362(c)(3)(B) provides:

> (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extent the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed.

## II. Standard of Proof

Section 362(c)(3)(B) authorizes the court to extend the automatic stay if four requirements are met: (1) a motion filed by a party in interest; (2) with notice and hearing; (3) the hearing is completed before the expiration of the 30-day period; and (4) movant proves that the filing of the new case was "in good faith as to the creditors being stayed." See In re Ball, 336 B.R. 268, 273 (Bankr. M.D. N.C. 2006)(citing In re Collins, 335 B.R. 646, 650-651 (Bankr. S.D. Tex. 2005)).

In this case Debtor has met the first three requirements of § 362(c)(3)(B): (1) Debtor filed his Motion and Request for Expedited Hearing on the same day as his chapter 11 petition; (2) notice was sent; and (3) hearing was completed before the expiration of the 30-day period. In order for the stay to continue Debtor must prove that his current chapter 11 case was filed in good faith as to the creditors affected by the stay.

The standard of proof that the moving party must meet to prove good faith depends on whether or not the statutory presumption of 11 U.S.C. § 362(c)(3)(C) applies in the particular case.[5] Section 362(c)(3)(C) identifies several types

---

[5] 11 U.S.C. § 362(c)(3)(C) provides:

> for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)
>
> (i) as to all creditors, if –

of conduct that will trigger the presumption ("Presumption") that the case was filed not in good faith. If one or more of those specific acts are present, the movant must rebut the Presumption with clear and convincing evidence.

However, if no Presumption arises, the moving party must carry its burden of proof by the lesser standard of preponderance of the evidence. See In re Thomas, 352 B.R. 751, 754 (Bankr. D. S.C. 2006)(internal citations omitted); see also In re Galanis, 334 B.R. 685 (Bankr. D. Utah 2005)(holding that by a preponderance of the evidence is the standard of proof that will apply when the presumption of 11 U.S.C. § 362(c)(3)(C) does not arise because the Bankruptcy Code does not provide otherwise and because it is the default standard of proof in a bankruptcy case).

---

(I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1 year period;
(II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after debtor failed to - . . .
(III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11 or 13 or any other reason to conclude that the later case will be concluded -
(aa) if a case under chapter 7, with a discharge; or
(bb) if a cause under chapter 11 or 13, with a confirmed plan that will be fully performed; and
(ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating condition, or limiting the stay as to actions of such creditor . . .

AO 72A
(Rev. 8/82)

9

Section 362(c)(3)(C)(i) lists the following acts or omissions that will trigger the Presumption as to all creditors:[6]

- the debtor had more than 1 case *under chapter 7, 11, or 13* pending during the preceding year;[7]

- the debtor's previous case *under chapter 7, 11, or 13* was dismissed during the preceding year after the debtor failed to: file or amend the petition or other documents without substantial excuse, provide adequate protection as ordered by the court, or to perform the terms of a confirmed plan;[8]

- or since the dismissal of the debtor's next most previous case *under chapter 7, 11, or 13* there has not been a substantial change in the financial position or personal affairs of the debtor or any other reason to conclude that the present case will conclude with either a discharge under

---

[6] Section 362(c)(3)(C)(ii) provides that the Presumption will arise as to a specific creditor if debtor's prior case was dismissed either while the creditor's motion for relief from the automatic stay was pending or had been resolved by terminating, conditioning, or limiting the stay as to the actions of the creditor. 11 U.S.C. § 362(c)(3)(C)(ii). In the present case, I take judicial notice of the docket of Debtor's chapter 12 case number 06-50903 that was previously before me. In that case, the creditors that filed a motion for relief from the stay pursuant to 11 U.S.C. § 362(d) were UAP, CNH Capital America, LLC, and GMAC. Therefore, the Presumption does arise as to these specific creditors, and Debtor must prove by clear and convincing evidence that his present chapter 11 case was filed in good faith as to these specific creditors. However, UAP is in favor of continuing the stay, and the other two creditors have not brought the issue before me.

[7] See 11 U.S.C. § 362(c)(3)(C)(i)(I).

[8] See 11 U.S.C. § 362(c)(3)(C)(i)(II).

chapter 7 or a confirmed and fully performed plan under chapter 11 or chapter 13.[9]

The language of Subsections (I) and (II) is unambiguous and therefore must be enforced according to its terms. See Lamie v. U. S. Trustee, 540 U.S. 526, 534 (2004)(internal citations omitted). In the present case, Subsection (I) does not apply because Debtor did not have more than one case pending within the one year preceding the filing of this current case. For Subsection (II) to apply, the statute requires the previous case to have been filed specifically under either "chapter 7, 11, or 13" and dismissed within the one-year period. 11 U.S.C. § 362(c)(3)(C)(II). Therefore, because Debtor's only previous case dismissed within the one-year period was filed under chapter 12, Subsection (II) does not apply to Debtor.

The language of Subsection (III) is awkward. However, I conclude that upon a close reading of the statute, Subsection (III) does not apply to this Debtor. Subsection (III) provides:

> There has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, 13 or any other reason to conclude that the later case will be concluded –
> (aa) if a case under chapter 7, with a discharge; or

---

[9] See 11 U.S.C. § 362(c)(3)(C)(i)(III).

>   (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed . . .

11 U.S.C. § 362(c)(3)(C)(i)(III).

The principal doctrine of statutory interpretation requires me to "presume that the legislature says in a statute what it means and means in a statute what is says there." BedRoc Ltd., LLC v. United States, 541 U.S. 176, 183 (2004). Therefore, based on the language used in Subsection (III), I conclude that a previously pending and dismissed chapter 12 case does not subject a debtor to the Presumption under § 362(c)(3)(C)(i)(III).

Subsection (III) applies to debtors only if their last bankruptcy case was under chapter 7, 11, or 13. The "or any other reason to conclude that the later case will be concluded" provision is not a separate provision nor is it separated from the first requirement by a comma. Thus, for the "or any other reason" requirement to apply to a debtor, the dismissal of debtor's "next most previous case" must have been under chapter 7, 11, or 13. See 11 U.S.C. § 362(c)(3)(C)(i)(III).

Had the drafters of these provisions intended for debtors with previously filed chapter 12 cases to be required to rebut the Presumption, they could have easily done so by specifically including previous chapter 12 cases, as they did in § 362(c)(2)(C). Section 362(c)(2)(C) governs the duration of the

automatic stay and explicitly lists those cases in which that particular Subsection applies - "a case under chapter 7 . . . or a case under chapter 9, 11, 12, or 13 of this title." 11 U.S.C. § 362(c)(2)(C). In the very next subsection, § 362(c)(3), Congress omits cases under chapter 12 on four separate occasions but does list "cases under chapter 7, 11, or 13."[10]

Additionally, if the "or any other reason" requirement applied to debtors other than those with previously filed chapter 7, 11, or 13 cases, then 11 U.S.C. § 362(c)(3)(C)(ii) would be surplusage. Section 362(c)(3)(C)(ii) states:

> as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor is, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor . . .

The Presumption arises pursuant to Subsection (ii) for all debtors, regardless of what chapter the previously dismissed case was filed under, and as to a specific creditor if that creditor requested relief from the automatic stay pursuant to 11 U.S.C. § 362(d).[11] Interpreting the "or any other reason"

---

[10] See 11 U.S.C. §§ 362 (c)(3), (c)(3)(C)(i)(I), (c)(3)(C)(i)(II), and (c)(3)(C)(i)(III).

[11] 11 U.S.C. § 362(d) provides in part:

> [o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by

requirement to include debtors other than those with a previously dismissed chapter 7, 11, or 13, would make debtors subject to both provisions simultaneously and would mean that one of the provisions was unnecessary.

Therefore, because Debtor's previous case was filed under chapter 12 of the Bankruptcy Code, I conclude that as to all creditors who did not commence an action under 11 U.S.C. § 362(d) in Debtor's prior Chapter 12 case, the Presumption of §362(c)(3)(C) does not arise; and that in order to satisfy the requirement of § 362(c)(3)(B), Debtor is required to prove by a preponderance of the evidence that his current chapter 11 case was filed in good faith.

### III. Good Faith

Because § 362(c)(3)(C)(III) does not apply to the facts of this case,[12] I will apply the test for determining whether a debtor has filed a petition in bad faith as enunciated by the Eleventh Circuit Court of Appeals in Phoenix Piccadilly, Ltd., 849 F.2d 1393 (11th Cir. 1984).

---

    terminating, annulling, modifying, or conditioning such stay . . .

[12] In In re Whitaker, 341 B.R. 336 (Bankr. S.D. Ga. 2006), I made a finding that for debtors subject to § 362(c)(3)(C), the statute provides the chief means of rebutting the Presumption and that the debtors must meet the dictates of that provision. Therefore, the good faith tests developed under 11 U.S.C. § 1325(a)(good faith proposal of chapter 13 plan for the purpose of confirmation) and 11 U.S.C. § 1307(c)(dismissal or conversion of a chapter 13 case for cause including lack of good faith) were superseded by the language of § 362(c)(3)(C).

In determining whether a chapter 11 petition has been filed in good faith, the Eleventh Circuit has stated

> there is no particular test for determining whether a debtor has filed a petition in bad faith. Instead, the courts *may consider any factors which evidence an intent to abuse the judicial process* and the purposes of the reorganization provisions, *or in particular factors which evidence that the petition was filed to delay or frustrate the legitimate efforts of secured creditors to enforce their rights.*

In re Phoenix Piccadilly, 849 F.2d at 1394 (quoting Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd., 749 F.2d 670, 647 (11th Cir. 1984))(emphasis added).

In the course of applying this flexible test, the Eleventh Circuit has identified certain circumstantial factors that evidence a bad faith filing. Those factors include:

> (1) [w]hether the debtor has only one asset, usually real estate, in which it does not hold legal title;
> (2) [w]hether the debtor has few unsecured creditors whose claims are small in relation to the claims of secured creditors;
> (3) [w]hether the debtor has a limited number of employees;
> (4) [w]hether the property is the subject of a foreclosure action as a result of arrearages on the debt;
> (5) [w]hether the debtor's financial problems involve essentially a dispute between the debtor and its creditors holding an interest in the real estate which can be resolved in the pending state court action;
> (6) [w]hether the timing of the debtor's filing evidences an intent to delay or frustrate the

> legitimate efforts of the debtor's secured creditors to enforce their rights;
> (7) [w]hether there is a reasonable possibility of an effective reorganization of the debtor.

First Am. Bank of Georgia v. Coastal Nursing Ctr., Inc. (In the Matter of Coastal Nursing Ctr. Inc.), 164 B.R. 788, 795 (Bankr. S.D. Ga. 1993)(citing In re Phoenix Piccadilly, Ltd., 849 F.2d at 1394 (11th Cir. 1988); In re Natural Land Corp., 825 F.2d 296, 298 (11th Cir. 1987); and In re Albany Partners, Ltd., 749 F.2d 67 (11th Cir. 1984)).

In applying the Phoenix Piccadilly factors to the facts of this case, it is clear that:

1. Debtor has more than one asset. Debtor's schedules reflect that Debtor has real property valued at $275,000 and personal property valued at $188,350.[13]

2. Debtor has approximately $2,181,068 in unsecured debt, which is $202,996 more than the approximately $1,978,072 secured debt owed.

3. Debtor has filed as an individual chapter 11 debtor and not as a debtor engaged in business. Because no evidence has

---

[13] It is proper to consider the factors from the Phoenix Piccadilly test in determining if a chapter 11 multiple asset case has been filed in bad faith. See In re Wells, 227 B.R. 553, 561 (Bankr. M.D. Fla. 1998)(citing In re Jacksonville Riverfront Dev., Ltd., 215 B.R. 239, 244 (Bankr. M.D. Fla. 1997); In re Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.), 749 F.2d 670, 674 (11th Cir. 1984)).

been presented on the issue of how many people Debtor employs, I cannot consider that factor in this bad faith analysis.[14]

4. Prime South's counsel indicated that foreclosure proceedings had been initiated sometime after the dismissal of the previous chapter 12 case, after Debtor failed to satisfy the terms of the forbearance agreement that was executed on April 6, 2007, and before the filing of the present case.

5. Debtor's financial problems involve one parcel of real property with multiple secured claims by various creditors and are complicated by the multiple claims secured by the crops planted on the subject real property.

"Two of the basic purposes of Chapter 11 are to preserve going concerns and maximize property available to satisfy creditors." Advanced Restoration Technologies, Inc. v. Shortgrass, Inc., 2006 WL 827841, at *4 (D. N.J. 2006)(citing In re Integrated Telecom Express, Inc., 384 F.3d 108, 119 (quoting Bank of Am. Nat'l Trust & Sav. Ass'n v. 203 N. LaSalle St. P'ship, 526 U.S. 434, 453 (1999))). Debtor has testified that harvesting the crops will result in $500,000 in net proceeds that can be distributed to his creditors. However, if

---

[14] Other courts have found it improper to consider this factor to determine whether an individual non-business debtor has filed a chapter 11 petition in bad faith. See In re Wells, 227 B.R. 553, 561 (Bankr. M.D. Fla. 1998)(analyzing the Supreme Court's decision in Toibb v. Radloff, 501 U.S. 157 (1991), and concluding that considering the "fact that an individual is a nonbusiness debtor as a component of the bad faith analysis would improperly restrict chapter 11 eligibility in light of Toibb")).

Prime South is allowed to foreclose Debtor will not be able to harvest the crops planted on Prime South's collateral, the $500,000 in proceeds will not be realized, and no other creditors will be paid.

6. Prime South had begun foreclosure proceedings prior to Debtor filing this case. However, Debtor testified that after the dismissal of his previous case, he honestly believed that he was going to be able to make arrangements to pay his creditors, and that is why he planted the crops. Further, Debtor testified that subsequent to the dismissal of his prior case, two judgments were entered against him and he has been indicted on charges brought by the USDA.

Based on this testimony, I find that the timing of Debtor's filing does not evidence an intent to delay or frustrate Prime South's efforts to enforce its right to foreclose. While it is true that foreclosure proceedings had been initiated by Prime South prior to Debtor filing this case, Debtor has shown that delaying the foreclosure proceedings was not the sole reason Debtor filed this case. Debtor is actually farming the land held as collateral by Prime South.

7. Debtor has not yet submitted a plan, but did propose to pledge irrigation motor and pivots valued at $30,000 as additional collateral to Prime South. Therefore, it is premature to consider this particular factor in this analysis.

"The above factors are not exhaustive, and no single factor is determinative of a debtor's good faith." In re Clinton Fields, Inc., 168 B.R. 265, 269 (Bankr. M.D. Ga. 1994)(citing In re Natural Land Corp., 825 F.2d at 298 (11th Cir. 1988)). These factors are guidelines for the courts to follow in exercising sound discretion. Id. at 269. Further,

> it is not the per se existence of many of such indicia, standing alone, which necessarily mandate a finding of bad faith. It is the entire context of the circumstances which compel the inference of abuse of the court's jurisdiction.

Home Fed. Savings v. Club Candlewood Assoc., L.P. (In re Club Candlewood Assoc., L.P.), 106 B.R. 752, 757 (Bankr. N.D. Ga. 1989). "Bad faith in the filing of a bankruptcy petition is a finding of fact not subject to any per se approach." In re Clinton Fields, 168 B.R. at 269.

### Conclusion

Upon review of the "entire context of circumstances" including the factors as prescribed by the Eleventh Circuit, I conclude that the Debtor's chapter 11 petition was filed in good faith as to the creditors affected by the stay. Accordingly, Debtor has shown by a preponderance of the evidence that the filing of his chapter 11 case was in good

faith and not an effort to delay or frustrate the legitimate efforts of the secured creditors.[15]

_____
JOHN S. DALIS
UNITED STATES BANKRUPTCY JUDGE

Dated at Brunswick, Georgia
this 21st day of September, 2007.

---

[15] Additionally, as to UAP, CNH Capital America, LLC, and GMAC, creditors against whom the Debtor is required to establish that the present case was not filed in bad faith by clear and convincing evidence, I find based on the preceding analysis, that Debtor has met this burden. I note that neither CNH Capital America, LLC, nor GMAC appeared at hearing opposing Debtor's application to extend the stay and UAP appeared through counsel and advocated in favor of Debtor's Motion.